# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RODERICK L. MILES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ANDREW SAUL, ) | 1:18CV132 |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and was served on the parties in this action on February 10, 2020. (Mem. Op. & Recommendation of the U.S. Magistrate Judge ("Recommendation") [Doc. #22]; Notice of Mailing Recommendation [Doc. #23].) The Magistrate Judge found that the Administrative Law Judge's ("ALJ") step five determination, subsequently adopted by the Commissioner as a final decision, failed to resolve an apparent conflict between the Vocational Expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"), a finding to which pro se Plaintiff Roderick L. Miles ("Miles") does not object. (Recommendation at 7-11; Obj. to the Recommended Ruling ("Miles' Obj.") [Doc. #24].) Miles timely objects solely to the Magistrate Judge's remanding for

---

[1] At the time of filing, Nancy A. Berryhill was the Acting Commissioner of Social Security; however, in accordance with Federal Rule of Civil Procedure 25(d), Andrew Saul, who is presently Commissioner of Social Security, has been substituted. See Fed. R. Civ. P. 25(d).

further administrative proceedings, (Recommendation at 11), rather than awarding him benefits, and he also claims unfairness and bias during previous administrative proceedings. (Miles' Obj. at 1.) The Court has appropriately reviewed these objections and has made a de novo determination in accordance with the Magistrate Judge's Recommendation. For the reasons explained below, the Recommendation is ADOPTED.

On May 25, 2012, Miles filed an application for disability[2], which was reviewed and denied initially and upon reconsideration by the Commissioner. (Recommendation at 2.) Upon Miles' request, on February 25, 2014, an administrative hearing was held, and on June 20, 2014, an ALJ concluded that Miles was not disabled. (Id.) He requested a review of the decision, which the Appeals Council granted on November 23, 2015, requiring reconsideration and a review of "evidence that was not previously associated with the file." (Id.) A second administrative hearing was held, resulting in the ALJ's concluding on May 23, 2017 that Miles was not disabled. (Id.) After the Appeals Council denied Miles' request for review, he filed the instant action. (Id.)

Miles does not object to the substantive findings of the Recommendation; however, he objects to the Magistrate Judge's decision to remand for further administrative proceedings as opposed to granting him disability benefits. (Miles'

---

[2] The Commissioner indicates that Miles "previously applied for benefits in December 2006 and March 2010, both of those claims were denied and were not appealed to federal court." (Def.'s Resp. to Miles' Obj. at 4 ("Def.'s Response") [Doc. #25].)

Obj. at 1.)  When reviewing a final decision, the reviewing court has the "power to enter, upon the pleadings and transcript, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2018).  When the record or transcript indicates a lack of substantial evidence to support a finding, the proper remedy is to remand the proceeding for the ALJ to explain the conflict.[3]  See Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) ("If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'") (citing Fla. Power Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).  Occasionally "it is appropriate to reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." Breeden v. Weinberger, 493 F.2d 1002, 1012 (4th Cir. 1974) (remanding for an award of benefits, because after approximately five years and a previous appeal resulting in a remand for further evidence, reopening the record served no purpose); see also Meyer-Williams v. Colvin, 87 F. Supp. 3d. 769, 773 (M.D.N.C. 2015) (remanding for reward of benefits rather than for reconsideration, because "the record [was] clear and denial of benefits [was] not supported by substantial evidence" and "[r]eopening the

---

[3] Once the ALJ has explained the conflict, and if the rendered decision is unfavorable to Miles, then he may avail himself of the appeals process again.

3

record for more evidence would serve no purpose, especially since [claimant's] claim has already been remanded twice because of ALJ errors").

Here, the circumstances support remand for reconsideration rather than remand for benefits. The linchpin question is the existence of specific jobs in the national economy which Mr. Miles can perform given the mental impairments specified in his residual functional capacity. That is a question to be answered by the ALJ in accordance with Thomas v. Berryhill, 916 F.3d 307, 310, 314 (4th Cir. 2009) (remanding the proceeding because even though the application had been filed in 2012 and the Commissioner previously had denied the application initially and upon reconsideration, an unresolved conflict regarding the claimant's reasoning ability existed between the VE's testimony and the DOT).

Miles further objects to remanding the proceeding, alleging unfairness and partiality during the administrative proceedings. (Miles' Obj. at 1.) The Commissioner argues, and the Court agrees, that Miles has failed to establish bias. (See Def.'s Response at 3-4.) A rebuttable presumption that an ALJ is unbiased exists until the claimant makes "a showing of conflict of interest or some other specific reason for disqualification". Schweiker v. McClure, 456 U.S. 188, 195-96 (1982). An unfavorable disposition is not a per se showing of bias. Liteky v. United States, 510 U.S. 540, 550 (1994) (explaining that "[n]ot all unfavorable disposition towards an individual (or his case)" constitute bias). Because Miles merely asserts that previous ALJs' decisions were not based in the law and were

4

tainted by their personal views without further explanation or a proffer of evidence to show bias, he has failed to rebut the presumption and a remand is proper.

For the reasons explained in this Memorandum, the Recommendation of the United States Magistrate Judge [Doc. #22] is ADOPTED. IT IS THEREFORE ORDERED that the matter is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner is directed to remand the matter to the ALJ for proceedings consistent with this Order. IT IS FURTHER ORDERED that Defendant's Motion for Judgment on the Pleadings [Doc. #15] is DENIED, and Plaintiff's Brief [Doc. #14], which the Court has construed as a Motion for Judgment on the Pleadings, is DENIED in part as to an immediate award of benefits and is otherwise GRANTED in part. IT IS FURTHER ORDERED that Plaintiff's "Motion for Leave to Amend Complaint and Pleadings of Memorandum Opposing the Commissioner's Motion for Judgement on the Pleadings" [Doc. #19] is DENIED as moot.

This the 31st day of March, 2020.

/s/ N. Carlton Tilley, Jr.<br>Senior United States District Judge